UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Civil Action No. 2:20-cv-859

       v.

KOHL'S DEPARTMENT STORES, INC.,

        Defendant.

**COMPLAINT FOR PERMANENT INJUNCTION, OTHER EQUITABLE RELIEF, AND CIVIL PENALTIES**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its Complaint alleges:

1. Plaintiff brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a), to obtain injunctive and other equitable relief and monetary civil penalties for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the Section 609(e) of the FCRA, 15 U.S.C. § 1681g(e).

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

1

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1)-(d) and 1395(a), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4. This action is brought by the United States of America on behalf of the FTC. The FTC is an independent agency of the United States government given statutory authority and responsibility by, *inter alia*, the FTC Act, 15 U.S.C. §§ 41-58, and the FCRA, 15 U.S.C. §§ 1681-1681x. The FTC is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce, and the FCRA, which imposes duties on businesses that have provided credit, goods, or services to, accepted payment from, or otherwise entered into a transaction with someone who is believed to have fraudulently used another person's identification.

**DEFENDANT**

5. Defendant Kohl's Department Stores, Inc. ("Kohl's") is a Delaware corporation with its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051. Kohl's transacts or has transacted business in this District and throughout the United States.

**COMMERCE**

6. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## FAIR CREDIT REPORTING ACT

7. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date. The Fair and Accurate Credit Transactions Act amended the FCRA in December 2003, and the Dodd-Frank Act amended the FCRA in July 2010.

8. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

9. Section 609(e)(1) of the FCRA, 15 U.S.C. § 1681g(e)(1), requires a "business entity" to provide an identity theft "victim" with "application and business transaction records" evidencing any transaction that the victim alleges to be the "result of identity theft." The business entity must provide such records "not later than 30 days after the date of receipt of a request from a victim."

10. For purposes of Section 609(e)(1), a "business entity" is an entity that has "provided credit to, provided for consideration products, goods, or services to, accepted payment from, or otherwise entered into a commercial transaction for consideration with, a person who has allegedly made unauthorized use of the means of identification of the victim[.]" 15 U.S.C. § 1681g(e)(1).

11. Section 609(e)(11), 15 U.S.C. § 1681g(e)(11), defines a "victim" as:

a consumer whose means of identification or financial information has been used or transferred (or has been alleged to have been used or transferred) without the

authority of that consumer, with the intent to commit, or to aid or abet, an identity theft or a similar crime.

12. To obtain application and business transaction records of the alleged identity theft, the victim must make the request for records in writing and mail it to an address specified by the business entity. 15 U.S.C. § 1681g(e)(3). The records must be provided to the victim or, if specified or authorized by the victim, a law enforcement agency.

13. Prior to providing the records, a business entity can require that the victim provide:

    A. proof of his or her identity, such as a copy of the victim's government-issued identification card, 15 U.S.C § 1681g(e)(2)(A); and

    B. proof of the claim of identity theft, by providing a police report and a completed affidavit, 15 U.S.C. § 1681g(e)(2)(B).

14. The FTC also has issued guidance on multiple occasions to businesses seeking to comply with FCRA Section 609(e). Each guidance document states that businesses must provide records directly to victims upon request.

**DEFENDANT'S BUSINESS ACTIVITIES**

15. Kohl's is a large national department store chain with a significant online retail presence through the website, www.kohls.com ("Kohl's Website"). Among other things, the company sells clothing, accessories, beauty goods, and home products.

16. Prior to February 2017, Kohl's policy for handling requests for application and business transaction records from victims of identity theft, pursuant to Section 609(e) of the

FCRA ("609(e) Requests"), was to provide all such records to the victim within 30 days of the receipt of a request, after proper verification.

17. In February 2017, Kohl's changed its policy for responding to 609(e) Requests related to Website orders. Under the new policy ("February 2017 Policy"), Kohl's would only share information identifying the identify thief with law enforcement or with a victim's attorney, upon their direct request.

18. In August 2018, Kohl's further revised its policy for responding to 609(e) Requests. Under the new policy ("August 2018 Policy"), Kohl's would provide customers with a Kohl's charge account with a more expansive list of business and transaction records (such as statements, receipts, and applications), but Kohl's continued to refuse to provide detailed order information (such as the address and phone number listed on a fraudulent application or the shipping address used for fraudulent orders) directly to any customers. In addition, under the August 2018 Policy, Kohl's would no longer provide such detailed information about fraudulent orders to victims' attorneys. According to this policy, victims had a single recourse for obtaining such information from Kohl's: a request directly from law enforcement.

19. As a result of Kohl's February 2017 and August 2018 Policies, many victims of identity theft were unable to obtain application and business transaction records related to the identity theft they suffered. Specifically, Kohl's informed victims that it was not permitted to share such information with anyone other than law enforcement.

20. In addition, on several occasions, Kohl's failed to respond to victims—even to issue a denial of their request—within 30 days.

21. Victims, who expended significant amounts of time submitting and following up on 609(e) Requests, repeatedly complained to Kohl's about its failure to grant their requests. Several victims also sent Kohl's the language of Section 609(e) of the FCRA as well as copies of the FTC's business guidance about 609(e) Requests in an effort to persuade the company to grant their requests.   None of these efforts prompted any change in Kohl's policies, despite the fact that victims experienced (and repeatedly reported to Kohl's) significant frustration as a result of them.

22. The August 2018 Policy remained in place until April 2019, when Kohl's finally implemented a policy that required it to provide victims of identity theft with the application and business transaction records they requested.

23. Based on the facts and violations of law alleged in this Complaint, Plaintiff has reason to believe that Defendant is violating or is about to violate laws enforced by the Federal Trade Commission because, among other things, Kohl's knowingly engaged in its unlawful acts and practices for more than two years (February 2017 through March 2019), Kohl's continued its unlawful acts or practices despite knowledge of numerous complaints from victims of identity theft, and Kohl's only stopped its unlawful conduct six months after it received a Civil Investigative Demand from the FTC.

**VIOLATIONS OF THE FCRA**

**Count I (Failure to Provide Records)**

24. As described in paragraphs 15-22, in numerous instances, Kohl's entered into commercial transactions with persons who made unauthorized use of the means of identification

6

of victims and failed to provide the required application and business transaction records to victims upon request.

25. By and through the acts and practices described in paragraph 24, Kohl's has violated Section 609(e) of the FCRA, 15 U.S.C. § 1681g(e).

26. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 24 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count II (Failure to Respond Within 30 Days)

27. As described in paragraphs 15-22, on multiple occasions, Kohl's entered into commercial transactions with persons who made unauthorized use of the means of identification of victims and refused to provide the required application and business transaction records not later than 30 days after the date of receipt of a request from a victim.

28. By and through the acts and practices described in paragraph 27, Kohl's has violated Section 609(e) of the FCRA, 15 U.S.C. § 1681g(e).

29. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 27 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### **CONSUMER INJURY**

30. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FCRA and the FTC Act. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

31. Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), and Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empower this Court to grant injunctive and such other relief as the Court may deem appropriate in the enforcement of the FTC Act and the FCRA. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

32. Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), authorizes the Court to award monetary civil penalties in the event of a knowing violation, which constitutes a pattern or practice of violations. Kohl's violations of Section 609(e) of the FCRA, as alleged in this Complaint, were knowing and constituted a pattern or practice of violations. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2461(a), as amended, the Court is authorized to award a penalty of not more than $3,993 per violation for penalties assessed after February 14, 2019.

33. Each instance in which Kohl's has failed to comply with the FCRA in one or more of the ways described above constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under Section 621 of the FCRA. Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, pursuant to Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), and Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), and the Court's own equitable powers, requests that the Court:

A. Enter judgment against Defendant and in favor of Plaintiff for each law violation alleged in this Complaint;

B. Enter a permanent injunction to prevent future violations of the FTC Act and the FCRA by Defendant;

C. Award Plaintiff monetary civil penalties from Defendant for each violation of the FCRA as alleged in this Complaint; and

D. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: June 8, 2020

| **FOR THE FEDERAL TRADE COMMISSION:** | **FOR THE UNITED STATES OF AMERICA:** |
|---|---|
| WHITNEY A. MOORE<br>ELISA JILLSON<br>Attorneys | JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division |
| Federal Trade Commission<br>Division of Privacy and Identity Protection<br>600 Pennsylvania Ave, NW<br>Mail Stop CC-8232<br>Washington D.C. 20580<br>Tel: (202) 326-2645; -3001 | ETHAN P. DAVIS<br>Deputy Assistant Attorney General<br><br>GUSTAV W. EYLER<br>Director<br>Consumer Protection Branch<br><br>MATTHEW D. KRUEGER<br>United States Attorney<br>Eastern District of Wisconsin<br><br>/s/ Speare I. Hodges<br>Speare I. Hodges<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice |

P.O. Box 386
Washington, DC 20044
(202) 532-0295
Speare.I.Hodges@usdoj.gov

Michael A. Carter
Assistant United States Attorney
Wisconsin Bar No. 1090041
United States Attorney's Office
Eastern District of Wisconsin
517 E. Wisconsin Ave., Suite 530
Milwaukee, WI 53211
414-297-4101
Michael.A.Carter@usdoj.gov

# CIVIL COVER SHEET

JS 44 (Rev. 08/18)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment

## DEFENDANTS
KOHL'S DEPARTMENT STORES, INC.

County of Residence of First Listed Defendant: Waukesha County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
See attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Trade Commission Act, 15 U.S.C. § 53(b); Fair Credit Reporting Act, 15 U.S.C. § 1681s(a)

Brief description of cause:
Failure to provide the required application and business transaction records to identity theft victims.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 220,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/08/2020
SIGNATURE OF ATTORNEY OF RECORD: Speare I. Hodges

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 2:20-cv-00859 Filed 06/08/20 Page 1 of 2 Document 1-1

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.